NORSWORTHY *v.* HICKS.

Opinion delivered April 5, 1926.

REFORMATION OF INSTRUMENT—MISTAKE—EVIDENCE.—Under the rule
    that the mistake which will entitle a party to have a deed
    reformed must be established by clear and convincing evidence,
    *held* that the plaintiff has failed to establish such mistake.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*Betts & Betts,* for appellants.

*Mahony, Yocum & Saye,* for appellee.

McCULLOCH, C. J.    Appellant instituted this action in the chancery court of Union County to establish and quiet his title to a lot containing one acre in the city of El Dorado.    The action was instituted against John Bradley, appellant's stepson, but, after Bradley filed a disclaimer, appellee Hicks was made defendant as Bradley's grantee.

Appellant is a colored man, and, prior to the year 1898, he intermarried with a woman named Mandy, who was the mother of John Bradley by a former marriage. The lot in controversy was purchased from B. R. Braswell, and a conveyance was made by Braswell to appellant's wife, Mandy, on November 11, 1898.   The consideration for the deed was the sum of $12.50, recited in the deed as having been paid.   The contention of appellant is that he purchased the land from Braswell and paid the consideration, but that he is illiterate, and that the deed was made to his wife, either by fraud or by mistake. Appellant and his wife occupied the premises until the latter's death in the year 1918, and appellant continued to occupy the premises until his right to do so was challenged by appellee Hicks, who was the grantee of John Bradley, and then appellant instituted this action in April, 1921.

Appellant testified that he purchased the land from Braswell, and paid the consideration of $12.50, and that he and his wife, Mandy, and Braswell went to the office of the circuit clerk to get W. J. Pinson, then circuit clerk,

to prepare the deed, and that the deed was prepared by Pinson. He testified that, while Pinson was preparing the deed, he sent him (appellant) to the bank to get a revenue stamp to put on the deed, and when he returned with the stamp the deed had been prepared, and that, as he could not read himself, he did not know that the deed was made to his wife, and that he did not ascertain that fact until after his wife's death and the oil boom began at El Dorado. He testified that he had always paid the taxes on the land since it was purchased, and built a house on it.

Braswell was introduced as a witness, and testified that he sold the lot to appellant, but does not know why the deed was made to appellant's wife—that he does not remember about that, but that appellant bought the lot and paid the money. The witness stated that he could not remember what, if anything, was said as to who should be the grantee in the deed.

Other witnesses testified at the instance of appellant as to conversations with Mandy, in which she directed them to go to her husband with reference to matters pertaining to the property.

W. J. Pinson testified concerning the execution of the deed, and stated that he had no present recollection at all of the transaction, but recognized the deed on account of its being in his own handwriting. He testified also that, while he had no recollection as to the execution of the deed, he knew that he would not have made the deed out to Mandy, appellant's wife, unless he had been instructed by the proper parties to do so, and that it was his invariable custom to read deeds over to parties and explain them, and he presumed that he did so in this case.

Upon this testimony the chancellor found in favor of appellee, and dismissed appellant's complaint for want of equity.

Appellant's grounds for relief are based on the charge that there was either fraud or mistake in the preparation of the deed, or that he is entitled to have

the land impressed with a resulting trust by reason of the fact that he furnished the consideration. Before he is entitled to relief at all on either of those grounds, he must establish his right thereto by evidence which is clear and convincing. *Welch* v. *Welch,* 132 Ark. 227. There is no proof whatever of actual fraud in the execution of the deed. Appellant himself does not contend that there was any fraud perpetrated on him, and the testimony of Braswell and Pinson, while of a negative nature, is sufficient to show that no fraud was perpetrated. Nor is the testimony sufficient to establish a mistake in the execution of the deed to Mandy instead of to appellant, at least the testimony is not clear and satisfactory. Braswell does not remember any details of the transaction except that he sold the land to appellant, and that the latter paid the small amount of consideration, but the inference from his testimony is that he made the deed, or intended to make it, to the person to whom he was directed to make it. Pinson has no present recollection on the subject, but his testimony tended to show that he made no mistake in the preparation of the deed, and prepared it in accordance with his instructions and read it over to the parties. Appellant does not testify that he told either Pinson or Braswell to make the deed out to him and not to his wife. His testimony is silent on the subject, and he merely says that he did not know that it was to be made to his wife, or that it had been made to her, until after her death. If the deed was not the result of fraud or mistake, then there is no resulting trust established, for, even though appellant paid the price, if he consented for the deed to be made to his wife, the presumption is that he intended it as a gift. It devolved on him to establish, by clear and satisfactory evidence, that he did not advance the money as a gift.

We cannot say that the chancellor erred in finding that appellant's claim was not supported by sufficient evidence.

Affirmed.